# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LORI McGREGOR, )
)
        Plaintiff, )
)
v. )   Case No. 10-CV-2099
)
SHANE'S BAIL BONDS, et al. )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

On August 9, 2010, the court issued a Memorandum and Order (doc. 66) and Judgment (doc. 70) granting defendants Shane's Bail Bonds and Roy Delbert Snyder, Jr.'s Motion for Summary Judgment. Plaintiff Lori McGregor filed a Motion for Relief from Judgment under Rule 60(b) on August 13, 2010 (doc. 73). Then, on August 18, 2010, Ms. McGregor filed a Motion to Resubmit her Previous Rule 60(b) Motion and Additional Material, or in the alternative, she requested additional time to submit an amended Rule 60(b) motion (doc. 75). For the reasons discussed below, Ms. McGregor's motion is denied.

    Ms. McGregor asserts that her motion to resubmit the earlier Rule 60(b) motion or to submit an amended Rule 60(b) motion should be granted to allow her to provide additional material that may change the court's judgment rendered in favor of defendants. However, Ms. McGregor has not indicated the nature of the additional

evidence or why it would change the court's decision. Nor has she asserted that the "new" information was not previously available. The court will freely grant leave to amend where justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Here, however, Ms. McGregor has not included any proposed amended Rule 60(b) motion or described what changes she would make to her prior motion to support relief from judgment.

Furthermore, given the nature of relief under Rule 60(b), Ms. McGregor's efforts to resubmit her motion or provide the court with additional, superfluous information would be futile. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In ruling on defendants' summary judgment motion, the court thoroughly

considered the documents and exhibits provided by both parties. Ms. McGregor has not convinced the court that any additional evidence now sought to be provided was previously undiscoverable or, more importantly, that it could change the outcome of the case. Nor has Ms. McGregor demonstrated that any other exceptional circumstance exists under Rule 60 to warrant relief. The court therefore denies Ms. McGregor's motion to resubmit her previous Rule 60(b) motion or submit an amended Rule 60(b) motion, for such submissions would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Resubmit her Previous Rule 60(b) Motion (doc. 75) is denied.

**IT IS SO ORDERED** this 4th day of October, 2010.

                                 s/ John W. Lungstrum
                                 John W. Lungstrum
                                 United States District Judge