**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LORI McGREGOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-2099 |
| | ) |
| SHANE'S BAIL BONDS, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Lori McGregor brought this action *pro se* to allege violations of her constitutional rights pursuant to 42 U.S.C. § 1983, as well as various state law claims, arising from an encounter at her residence with a bounty hunter and law enforcement officers from the Johnson County, Kansas Sheriff's Office on July 2, 2006. On August 9, 2010, the Court issued a Memorandum and Order (doc. 66) and Judgment (doc. 70) granting Defendants Shane's Bail Bonds and Roy Delbert Snyder, Jr.'s Motion for Summary Judgment. Mr. Snyder filed a Motion for Attorney's Fees (doc. 76) on August 23, 2010, followed by a Supplemental Submission in Support of Defendant's Motion for Attorney's Fees (doc. 87) on September 22, 2010. Mr. Snyder seeks attorney's fees totaling $33,536.25 as a "prevailing party" pursuant to 42 U.S.C. § 1988(b). In response, Ms. McGregor submitted an Itemization of Proofs for her Answer to Defendant's Motion for Attorney's Fees (doc. 88) and Answer to

Defendant's Motion for Attorney's Fees (doc. 89) on September 23, 2010. For the reasons set forth below, Mr. Snyder's motion is denied.

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in an action to enforce civil rights. *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010). While the courts apply this provision liberally to prevailing plaintiffs, the Supreme Court has imposed a different standard for awarding attorney's fees to prevailing defendants in civil rights cases. *See Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 417 (1978). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. *Id*. at 422. A frivolous suit is one based on an indisputably meritless legal theory or whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *Thorpe*, 367 F. App'x at 919 (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007)). Only in rare circumstances will a suit be truly frivolous so as to warrant an award of attorney's fees to the defendant. *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).

Although this is a demanding standard, and it is rare for attorney's fees to be assessed against a *pro se* plaintiff in a § 1983 action, a district court has the discretion

to do so. *See Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000). "*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants from filing frivolous petitions." *Olsen v. Aebersold*, 149 F. App'x 750, 752 (10th Cir. 2005) (quoting *In re Sindram*, 498 U.S. 177, 179-80 (1991)). However, attorney's fees are not available against a *pro se* litigant unless the action is meritless in the sense that it is groundless or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). In deciding whether to award fees to a prevailing defendant, the court should consider the *pro se* plaintiff's ability to recognize the objective merit of his claim. *Houston*, 215 F.3d at 1175.

In *Mitchell v. City of Moore*, the court upheld the district court's denial of defendant's request for attorney's fees. 218 F.3d 1190 (10th Cir. 2000). The district court concluded that while there was no legal remedy available to the plaintiff under the facts as supported by the evidence and that plaintiff's response to summary judgment motion was inadequate, the suit itself was not frivolous. *Id.* at 1203. On the other hand, in *Thorpe v. Ancell*, attorney's fees were awarded to defendants where the district court concluded that plaintiffs' claims were not only frivolous, but also the factual allegations in their complaint were "fantastic" and improperly "concocted" to be publicized in judicial proceedings. 367 F. App'x 914, 924. The plaintiffs had played "fast and loose" with the record in supporting their arguments to the point that their assertions were contradicted by the undisputed facts. *Id*. Furthermore, the

3

plaintiffs refused to concede their claims were frivolous but, instead, filed pages of documents irrelevant to the case in an attempt to discredit the defendants. *Id.* Awarding fees in such a case, according to the district court, provided some compensation to defendants for costs incurred in defending the suit and also deterred plaintiffs from filing "patently frivolous and groundless suits." *Id.*

Here, Mr. Snyder argues that he is entitled to attorney's fees from Ms. McGregor because certain allegations and legal theories asserted throughout her pleadings are frivolous, unreasonable, and without foundation. According to Mr. Snyder, Ms. McGregor presented no valid evidence to support her claim that he acted under the color of state law by assisting law enforcement officers in detaining and seizing her or that he made false statements to law enforcement regarding her identity. Mr. Snyder further submits that Ms. McGregor's conduct in this case warrants the granting of attorney's fees: she abused procedural devices and drove up the costs of litigation unnecessarily and inappropriately by repeatedly requesting additional time and consistently filing repetitive material to which Mr. Snyder must respond. Finally, Mr. Snyder claims Ms. McGregor has been a "menace" to himself and other defendants through her multiple actions in the court system.

After much consideration, the Court is not convinced that Ms. McGregor should be ordered to pay Mr. Snyder's attorney's fees. In determining whether a claim is frivolous, unreasonable, or groundless, a district court must avoid "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action

4

must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation. *Hughes*, 449 U.S. at 16. Dismissal of claims at the motion to dismiss or summary judgment stage does not automatically warrant a fee award. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1513-14 (10th Cir. 1995). While Ms. McGregor did not ultimately prevail on summary judgment, she did assert several valid legal theories that were properly supported with factual contentions. There is no showing that Ms. McGregor's action was meritless in the sense that it was groundless or without foundation. *See Houston*, 215 F.3d at 1174. Ms. McGregor's claims certainly do not amount to "fantastic allegations" as encountered by the court in *Thorpe*. 367 F. App'x 914.

The Court is also not persuaded that Ms. McGregor's multiple requests for extensions of time or her past experience in litigating lawsuits provide reason enough to grant Mr. Snyder's request for attorney's fees. In its Memorandum and Order granting Defendants' Motion for Summary Judgment, the Court warned Ms. McGregor that she must adhere to the Court's procedural rules and that her numerous requests for extensions of time and failure to follow rules were not well received. (doc. 66, p.3). The Court's admonishment, however, is not a sufficient basis to order Ms. McGregor to pay Mr. Snyder's attorney's fees. For fees to be awarded to Mr. Snyder, the Court must find that Ms. McGregor's conduct was vexatious, frivolous,

or that the suit was brought to harass or embarrass Mr. Snyder.  *See Hensley v. Eckerhart*, 461 U.S. 424, 428 (1983).   There is no showing, nor will the Court infer, that Ms. McGregor filed this case against Mr. Snyder for the purpose of harassment or that she requested multiple time extensions to increase the costs of litigation. Furthermore, although Ms. McGregor does have experience in filing lawsuits, this should not be considered by the Court when determining whether to impose attorneys fees on a *pro se* litigant.  The mere fact that a plaintiff has filed numerous lawsuits in the past does not support the imposition of fees.  *Houston*, 215 F.3d at 1175.

Mr. Snyder requests that the Court permit him limited discovery to take depositions of Ms. McGregor, her surrounding neighbors, her former boss, Carlo Commisano, her friend, Ronnie Nealy, and Johnson County law enforcement officers to demonstrate the falsity of certain allegations made by Ms. McGregor.  The Court declines to authorize such discovery.  Mr. Snyder has provided no authority for the proposition that he is entitled to discovery after-the-fact to support his attorney fee request rather than having to support that request based on the record in the case.  In reaching its decision, the Court carefully reviewed the claims and evidence contained in the record, as well as Mr. Snyder's arguments, and is convinced that attorney's fees should not be awarded against Ms. McGregor.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's

Motion for Attorney's Fees (doc. 76) is denied.

**IT IS SO ORDERED** this 4th day of November, 2010.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge